# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**EDIE L. HOLCOMB,**

          **Plaintiff,**

  v.                                                                         **Case No. 07-C-359**

**KENOSHA UNIFIED SCHOOL DISTRICT NO. 1,
ERIC OLSON, PAM STEVENS, J. DAVID FOUNTAIN,
BERNARD E. ENGLUND, MARK HUJIK,
GILBERT OSTMAN and MARK STALKER,**

          **Defendants.**

## DECISION AND ORDER

On April 16, 2007, the plaintiff, Edie Holcomb ("Holcomb"), filed this lawsuit in Kenosha County Circuit Court, alleging that the defendants breached her employment contract and violated the Due Process Clause of the Fourteenth Amendment. Holcomb also filed a motion for a temporary restraining order ("TRO") with her complaint. On April 18, 2007, the defendants filed a Notice of Removal, which places the pending motion for a TRO before this Court.

According to the complaint, Holcomb was hired in 2005 by the Kenosha Unified School District No. 1 ("KUSD") to be the Executive Director of Curriculum and Instructional Services ("Executive Director"). When KUSD hired Holcomb, they executed an employment contract that gave Holcomb a two year term beginning July 1, 2005, and ending June 30, 2007 ("2005 Employment Contract"). The 2005 Employment Contract contains a

provision that gives the Superintendent sole discretion to transfer Holcomb to another position if the Superintendent deems a transfer to be in "best interest of the District."

On January 23, 2007, the KUSD School Board approved a motion to give Holcomb another two year term as Executive Director, beginning on July 1, 2007. However, on April 3, 2007, the KUSD School Board reassigned Holcomb to be principal of Bose Elementary School effective July 1, 2007. Holcomb alleges that the School Board's decision was a breach of contract because the 2005 Employment Contract only permits the Superintendent to transfer Holcomb. Furthermore, because the School Board made its decision without giving Holcomb notice or an opportunity for a hearing, she also alleges that she was denied her property interest without due process of law.

On Monday, April 23, 2007, the KUSD School Board will meet, and it may appoint a successor to Holcomb for the Executive Director position. Holcomb seeks a TRO to enjoin the KUSD School Board from appointing her successor until the Court is able to conduct a hearing on her motion for a preliminary injunction.

The Court will only grant a TRO if "it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition." Fed. R. Civ. P. 65(b). Implicit in the requirement that irreparable injury be shown is the requirement that there be some likelihood of success on the merits. *See Lerch v. City of Green Bay*, 2005 WL 1058889, *1 (E.D. Wis. May 3, 2005).

2

Holcomb fails to meet her burden. First, she has not shown that she is likely to succeed on the merits. The 2005 Employment Contract that gave the Supervisor sole discretion to transfer Holcomb expires on June 30, 2007. Holcomb's reassignment, though, will become effective on July 1, 2007, immediately after the expiration of the 2005 Employment Contract. While it is true that the KUSD School Board on January 23, 2007, approved a motion to give Holcomb another two year term as Executive Director, Holcomb did not provide the Court with the written terms of that contract. It is unclear, therefore, whether the KUSD School Board has a contractual right to reassign Holcomb effective July 1, 2007.

In addition, Holcomb has not established that she would be irreparably harmed if the KUSD School Board appointed her successor at the April 23, 2007 meeting. Such a decision would not become effective until July 1, 2007. Also, Holcomb still may collect money damages and potentially could be reassigned even she succeeds in this litigation, regardless of what the KUSD School Board decides at its April 23, 2007 meeting.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**: Holcomb's Motion for a Temporary Restraining Order (Docket No. 1) is **DENIED**.

Dated at Milwaukee, Wisconsin, this 20th day of April, 2007.

**BY THE COURT:**

**s/Rudolph T. Randa**
**HON. RUDOLPH T. RANDA**
**Chief Judge**